# EXHIBIT A

| Court of Common Pleas of Carbon County | 25-CV-0307 |
|---|---|
| Civil Cover Sheet | For Prothonotary Use only (Docket Number) |
| **PLAINTIFF'S NAME:** Enter names (last, first, middle initial) of plaintiff. If the plaintiff is a government agency or corporation, use the full name of the agency or corporation. In the event there are more than two plaintiffs, list the additional parties on a separate sheet of paper. Husband and wife should be listed as separate parties.<br><br>Falcone, David and Jaclyn, h/w | **DEFENDANT'S NAME:** Enter names (last, first, middle initial) of defendant. If the defendant is a government agency or corporation, use the full name of the agency or corporation. In the event there are more than two defendants, list the additional parties on a separate sheet of paper. Husband and wife should be listed as separate parties.<br><br>Airbnb, Inc. |
| **PLAINTIFF'S ADDRESS & TELEPHONE NUMBER:** Enter the address and telephone numbers of the parties at the time of filing of the action. If any party is a corporation, enter the address and telephone number of the registered office of the corporation.<br><br>10 Sandwood Drive<br>Marlton, NJ 08053 | **DEFENDANT'S ADDRESS AND TELEPHONE NUMBER:** Enter the address and telephone numbers of the parties at the time of filing of the action. If any party is a corporation, enter the address and telephone number of the registered office of the corporation.<br><br>888 Brannan Street<br>San Francisco, CA 94130 |
| **ADDITIONAL PLAINTIFF'S NAME:** | **ADDITIONAL DEFENDANT'S NAME:**<br><br>Kevin M. Rabich |
| **ADDITIONAL PLAINTIFF'S ADDRESS/ TELEPHONE NO:** | **ADDITIONAL DEFENDANT'S ADDRESS /TELEPHONE NO:**<br><br>409 Warner Drive<br>Saylorsburg PA 18353 |
| **TOTAL NUMBER OF PLAINTIFFS:** Indicate the total number of plaintiffs and the total number of defendants in the action.<br><br>1 | **TOTAL NUMBER OF DEFENDANTS:** Indicate the total number of plaintiffs and the total number of defendants in the action.<br><br>4 |
| **STATUTORY BASIS FOR CAUSE OF ACTION** If the action is commenced pursuant to statutory authority ("Petition Action"), the specific statute must be cited ||
| **RELATED PENDING CASES:** (All previously filed related cases must be identified by docket number. Indicated whether they have been consolidated by Court Order or Stipulation.)   None ||
| **TO THE PROTHONOTARY:**<br>Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant. Papers may be served at the address set forth below. ||
| **NAME OF PLAINTIFF'S/APPELLANT'S ATTORNEY:** Unrepresented filers must provide their name, address, telephone number and signature.<br><br>David Wisniewski, Esq. | **ADDRESS**<br>Singley & Rinaldi, Attorneys at Law, LLC<br>200 Haddonfield Berlin Road<br>Suite 400<br>Gibbsboro, NJ 08026 |

| PHONE NUMBER<br><br>856-429-3144 | SUPREME COURT IDENTIFICATION NUMBER<br><br>205035 | E-MAIL ADDRESS:<br>DWisniewski@SingleyLaw.com<br><br>FAX NO. (OPTIONAL – FOR SERVICE): Providing the fax number shall authorize the service of legal papers by facsimile transmission. See Pa.R.CP.440(d)<br><br>856-429-3188 |
|---|---|---|

DATE: Feb 6 2025          SIGNATURE: _[signature]_

**ADDITIONAL DEFENDANT'S NAME:**

John Does 1-10

ABC Corps. 1-10

Addresses Unknown

**SINGLEY & RINALDI, ATTORNEYS AT LAW, LLC**
David Wisniewski, Esq., I.D. 205035
200 Haddonfield Berlin Road, Suite 400
Gibbsboro, New Jersey 08026
Ph: 856-429-3144 / Fax: 856-429-3188
dwisniewski@singleylaw.com
Attorneys for Plaintiffs David and Jaclyn Falcone

FILED
2025 FEB 11 AM 11: 15
CARBON COUNTY
PROTHONOTARY

| | |
|---|---|
| David Falcone and Jaclyn Falcone, h/w<br>10 Sandwood Drive<br>Marlton, NJ 08053<br><br>                 Plaintiffs<br><br>vs.<br><br>Airbnb, Inc.<br>888 Brannan Street<br>San Francisco, CA 94103<br><br>and<br><br>Kevin M. Rabich<br>409 Warner Drive<br>Saylorsburg PA, 18353<br><br>and<br><br>John Does 1-10 and ABC Corps. 1-10<br><br>                 Defendants | Pennsylvania Court of Common Pleas<br>Carbon County<br><br>Docket No. |

## NOTICE TO DEFEND

| Notice | Aviso |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con |

| | |
|---|---|
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>North Penn Legal Services<br>101 West Broad Street<br>Hazleton, PA 18201<br>Phone 1-877-953-4250 Fax (570) 455-3625<br><br>Carbon County Lawyer Referral<br>73 West Broadway<br>Jim Thorpe, PA 18229<br>Phone 1-610-379-4950 Fax (610) 379-4952 | todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted.<br><br>LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE, DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>North Penn Legal Services<br>101 West Broad Street<br>Hazleton, PA 18201<br>Phone 1-877-953-4250<br><br>Carbon County Lawyer Referral<br>73 West Broadway<br>Jim Thorpe, PA 18229<br>Phone 1-610-379-4950 Fax (610) 379-4952 |

## Civil Action Complaint

1. Plaintiffs David Falcone and Jaclyn Falcone, h/w are adults and citizens of the State of New Jersey.

2. Defendant Airbnb, Inc. ("Airbnb") is a California registered corporation that regularly conducts business in Carbon County, Pennsylvania, by operating an Internet-based service whereas travelers can rent, on a short-term basis, lodging from local Carbon County, Pennsylvania property owners via Airbnb.

3. Defendant Kevin M. Rabich ("Rabich") is an adult individual who is/was the owner of an Airbnb rental property located at 10 White Birch Way, Albrightsville, PA 18210 (the "Property"). In Airbnb vernacular, Rabich is known as a "Host."

4. Defendant John Does 1-10 are individuals, currently unknown to Plaintiffs after a reasonable search, who worked for and/or managed the Property on behalf of Rabich.

5. Defendant ABC Corps. 1-10 are businesses, currently unknown to Plaintiffs, who worked for and/or managed the Property on behalf of Rabich and/or listed the Property on Rabich's behalf

on the Airbnb platform, which may include other businesses that worked with and/or on behalf of Airbnb to list and/or manage the Property.

6. Defendants Airbnb, Rabich, John Does 1-10, and ABC Corps. 1-10 are subject to this Court's personal jurisdiction as they have continuous and substantial contacts with Carbon County pursuant to 42 Pa.C.S.A. §5301 as more fully described herein.

7. All of the acts described herein took place in Carbon County, Pennsylvania.

8. At all times material and relevant to this complaint, Defendants owned, operated, leased, managed, controlled and/or had dominion over the building and/or front door entrance located at the front of the Property.

9. At all times material and relevant to this complaint, Defendants did act through their agents, employees, owners, representatives, agents and/or employees while in the course and scope of their employment and/or agency.

10. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the Property in a reasonably safe condition for those persons lawfully thereon, including Plaintiff David Falcone.

11. Upon information and belief, at some time prior to March 2, 2023, Rabich, as the owner of the Property, listed the Property on Airbnb for rent.

12. Airbnb then made the Property available for short-term rentals on its platform, enforcing standards upon the Host and their Property, including, but not limited to, safety standards.[1]

13. On or about January 20, 2023, Plaintiff David Falcone's friend made a reservation via Airbnb for a rental at the Property for March 2, 2023, through March 5, 2023.

---

[1] See https://www.airbnb.com/help/article/3057 and https://www.airbnb.com/help/article/2904

14. On or about March 3, 2023, Plaintiff David Falcone was a business, invitee, licensee and/or otherwise legally on the Property.

15. At the aforesaid place and time, Plaintiff David Falcone was caused to slip and fall on the ice that accumulated on the porch of the Property.

16. As a direct result of the aforesaid slip and fall accident, Plaintiff David Falcone was caused to sustain serious and permanent injuries as more fully described *infra*.

17. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, owed a duty to maintain, correct, inspect and otherwise be responsible for the Property, to provide a safe and hazard-free environment and otherwise be responsible for the care, custody and/or control of the Property and its fixtures so that same would be safe for use by invitees, independent contractors, guests, licensees and/or members of the public, including Plaintiff David Falcone.

18. Defendants knew and/or should have known of the said dangerous conditions, and therefore defective conditions and the likelihood that same would cause injuries to invitees, guests, independent contractors, licensees and/or members of the public lawfully on the Property in the absence of adequate safety measures.

19. At all times material hereto, the area upon which Plaintiff David Falcone was walking was within the Property and under their exclusive care, custody and control.

20. The circumstances under which Plaintiff David Falcone was injured were such that Plaintiff David Falcone's injuries could not have occurred on the Property, except by Defendants' negligence.

21. The accident resulted solely from the negligence and carelessness of Defendants, and in no manner whatsoever to any act or failure to act on the part of Plaintiff David Falcone.

## COUNT I – NEGLIGENCE
## DAVID FALCONE v. ALL DEFENDANTS

22. Plaintiff David Falcone incorporates herein by reference, the foregoing paragraphs of this Complaint, inclusive, as though same were set forth at length.

23. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff David Falcone falling, and the resulting injuries suffered by the Plaintiff David Falcone, consisted of, but is not limited to, the following:

   a. Failure to design, construct, maintain, and/or repair the front porch and/or other areas on the Property, over which invitees, independent contractors, licensees, guests, members of the public and/or others legally on the Property are likely to travel, rendering the Property unsafe;

   b. Failure to properly monitor, test, inspect or clean the porch and/or other areas on the Property, to see if there were dangerous or defective conditions to those legally on the Property;

   c. Failure to provide sufficient warning as to the foreseeable and dangerous nature of the porch and/or other areas on the Property, to invitees, independent contractors, licensees, guests, members of the public and/or others legally on the Property;

   d. Failure to barricade and/or block off the dangerous area of the porch and/or other areas on the Property;

   e. Failure to inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or

   injuries that could occur as a result of the conditions on the porch and/or other areas on the Property;

f. Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned the Property;

g. Failing to exercise the proper care, custody and control over the Property;

h. Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the Property;

j. Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendants improperly permitted to exist and remain on the Property;

k. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained porch, so as to cause unreasonable risk of harm to pedestrians on the Property;

l. Failing to properly and adequately maintain the porch on the Property in accordance with all applicable codes and regulations, the common law, and/or their respective contractual responsibilities;

m. Allowing a defective condition to exist which Defendants knew or should have known created a dangerous condition and hazard to invitees, independent contractors, licensees, guests, members of the public, and/or others legally on the Property;

n. Failure to properly and adequately train employees on how to inspect and make the entrances and exits of the Property safe;

o. Failure to warn invitees, independent contractors, licensees, guests, the general public, and/or others legally on the Property of the dangerous, hazardous and unsafe conditions on the Property;

p. Failure to take reasonable precautions against the dangerous, hazardous, and unsafe conditions on the Property;

q. Failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe and proper procedures for inspecting, maintaining, cleaning, correcting and repairing a dangerous and defective condition on the Property, including the defective and dangerous conditions which caused Plaintiff David Falcone's injuries;

r. Failure to provide safe conditions for invitees, independent contractors, guests, licensees, members of the general public and/or others legally on the Property;

s. failure to act with due care and regard for the position and safety of others, in particular, Plaintiff David Falcone.

t. failure to provide and maintain proper supervision of the Property;

u. failure to provide and maintain proper safety precautions at the Property; and

v. failure to respond in a timely manner to an insecure or dangerous condition or situation upon the Property.

24. Upon information and belief, Defendants had specific knowledge of an ongoing problem with the front porch of the Property where Plaintiff David Falcone fell.

25. The negligence and/or carelessness of the Defendants was the direct and sole cause of the poorly maintained porch on the Property, causing the Property to be unsafe.

32. As a further result of the accident, Plaintiff David Falcone has or may continue in the future incur other financial expenses or losses to which Plaintiff David Falcone may be otherwise be entitled to recover.

33. As a further result of the accident, Plaintiff David Falcone has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and Plaintiff David Falcone may continue to suffer the same for an indefinite time in the future.

34. Furthermore, in addition to all the injuries and losses suffered by Plaintiff David Falcone, Plaintiff David Falcone has also incurred or will incur medical, rehabilitative, and other related expenses for which he makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff David Falcone demands judgment in his favor and against Defendants Airbnb, Inc., Kevin M. Rabich, John Does 1-10, and ABC Corps. 1-10 in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus pre and post judgment interest, costs, and any other relief this Court deems just.

## COUNT II – LOSS OF CONSORTIUM
## JACLYN FALCONE v. ALL DEFENDANTS

35. Plaintiff Jaclyn Falcone incorporates herein by reference the foregoing paragraphs of this Complaint, inclusive, as though the same were set forth at length.

36. At the time of the accident of Plaintiff David Falcone described above, Plaintiff Jaclyn Falcone was the wife of Plaintiff David Falcone and continues to be so at the time of filing of this Complaint.

37. As a result of the above-described accident and result injuries suffered by her husband Plaintiff David Falcone, Plaintiff Jaclyn Falcone has suffered a loss of the services, companionship, and consortium of her husband Plaintiff David Falcone.

32. As a further result of the accident, Plaintiff David Falcone has or may continue in the future incur other financial expenses or losses to which Plaintiff David Falcone may be otherwise be entitled to recover.

33. As a further result of the accident, Plaintiff David Falcone has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and Plaintiff David Falcone may continue to suffer the same for an indefinite time in the future.

34. Furthermore, in addition to all the injuries and losses suffered by Plaintiff David Falcone, Plaintiff David Falcone has also incurred or will incur medical, rehabilitative, and other related expenses for which he makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff David Falcone demands judgment in his favor and against Defendants Airbnb, Inc., Kevin M. Rabich, John Does 1-10, and ABC Corps. 1-10 in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus pre and post judgment interest, costs, and any other relief this Court deems just.

### COUNT II – LOSS OF CONSORTIUM
### JACLYN FALCONE v. ALL DEFENDANTS

35. Plaintiff Jaclyn Falcone incorporates herein by reference the foregoing paragraphs of this Complaint, inclusive, as though the same were set forth at length.

36. At the time of the accident of Plaintiff David Falcone described above, Plaintiff Jaclyn Falcone was the wife of Plaintiff David Falcone and continues to be so at the time of filing of this Complaint.

37. As a result of the above-described accident and result injuries suffered by her husband Plaintiff David Falcone, Plaintiff Jaclyn Falcone has suffered a loss of the services, companionship, and consortium of her husband Plaintiff David Falcone.

**WHEREFORE**, Plaintiff Jaclyn Falcone demands judgment in her favor and against Defendants Airbnb, Inc., Kevin M. Rabich, John Does 1-10, and ABC Corps. 1-10 in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus pre and post judgment interest, costs, and any other relief this Court deems just.

Date: Feb 6 2025

**Singley & Rinaldi, Attorneys at Law, LLC**

David Wisniewski, Esq
Attorneys for Plaintiffs David and Jaclyn Falcone

### Verification

I, David Falcone, the Plaintiff in this matter, verify that the facts set forth in the foregoing complaint are true to the best of my knowledge, information and belief. I understand that any statements made by me that are willfully false are subject to punishment subject to penalties of 18 Pa. C.S.A. §4904 relating to unsworn statements to authorities.

Date: 2/6/25

_____
David Falcone

### Verification

I, Jaclyn Falcone, the Plaintiff in this matter, verify that the facts set forth in the foregoing complaint are true to the best of my knowledge, information and belief. I understand that any statements made by me that are willfully false are subject to punishment subject to penalties of 18 Pa. C.S.A. §4904 relating to unsworn statements to authorities.

Date: 2/6/25

_____
Jaclyn Falcone

**WEIR LLP**
**Harry J. Kane, Jr., Esquire**
**IDENTIFICATION NO. 52610**
1339 Chestnut Street, Suite 500
Philadelphia, Pennsylvania 19107
Telephone No.: 215-241-7710                    *Attorney for Plaintiffs*

| | |
|---|---|
| DAVID FALCONE and JACLYN FALCONE | : |
|  | : Court of Common Pleas |
| *Plaintiff* | : Carbon County |
| vs. | : |
|  | : Case ID: 25-CV-0307 |
| AIRBNB, INC., KEVIN M. RABICH, and JOHN DOES 1-10 and ABC CORPS. 1-10 | : |
|  | : |
| *Defendants* | : |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

    Kindly enter my appearance as Counsel for Plaintiffs, DAVID FALCONE and JACLYN FALCONE, in the above captioned matter.

                                     HARRY J. KANE, JR., ESQUIRE
                                     *Attorney for Plaintiffs*

## WITHDRAWAL OF APPEARANCE

TO THE PROTHONOTARY:

    Kindly withdrawal my appearance as Counsel for Plaintiffs, DAVID FALCONE and JACLYN FALCONE, in the above captioned matter.

                                   /s/ David Wisniewski
                                   DAVID WISNIEWSKI, ESQUIRE
                                   *Attorney for Plaintiffs*